**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1688-17T2

VIRGINIA R. MACKENN,

     Plaintiff-Appellant,

v.

AGIOS HARALAMBOS CORP.,
(d/b/a) NEW MONMOUTH DINER,

     Defendants-Respondents,

and

E.K. KONSTANTINIDIS, the estate
of E.K. KONSTANTINIDIS, EMANUEL
K. KONSTANTINIDIS, executor,
EMANUEL KONSTANTINIDIS, and
KORTHION CORP.,

     Defendants.

_____

        Argued October 24, 2018 – Decided October 31, 2018

        Before Judges Reisner and Mawla.

        On appeal from Superior Court of New Jersey, Law
        Division, Monmouth County, Docket No. L-2461-16.

Ralph E. Polcari argued the cause for appellant (Drazin and Warshaw, attorneys; Ralph E. Polcari, of counsel and on the briefs).

Anthony T. Ling argued the cause for respondents (Weber Gallagher Simpson Stapleton Fires & Newby LLP, attorneys; Anthony T. Ling, of counsel and on the brief; Richard S. Ranieri, on the brief).

PER CURIAM

Plaintiff Virginia R. MacKenn appeals from an October 27, 2017 order dismissing her complaint on summary judgment. Our review of the order is de novo, employing the Brill[1] standard, the same test used by the trial court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). After reviewing the record de novo, we affirm substantially for the reasons stated by the motion judge in her oral opinion issued on October 27, 2017. We add these brief comments.

Plaintiff claimed that, as she entered a diner, she fell on a raised or buckled portion of a weather mat located in the diner's vestibule area. The motion judge found that plaintiff produced no legally competent evidence as to how long the allegedly buckled mat had been in that condition. As a result, there was no evidence that defendants had actual or constructive notice of a dangerous condition of their property. Nor was there evidence that they violated a duty to

---

[1] Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

inspect for dangerous conditions.  See Troupe v. Burlington Coat Factory Warehouse Corp., 443 N.J. Super. 596, 602 (App. Div. 2016); Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013).  We agree with that assessment.

In addition, the record includes a security video that shows the mat and plaintiff's fall.  Giving plaintiff the benefit of all favorable inferences, the mat had a slightly raised area in the right-hand corner nearest to the door.  However, the video also clearly shows that plaintiff did not trip on the raised area of the mat.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1688-17T2